People v Martell-Olvero (2025 NY Slip Op 50305(U))

[*1]

People v Martell-Olvero (Erik)

2025 NY Slip Op 50305(U)

Decided on March 7, 2025

Appellate Term, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on March 7, 2025
SUPREME COURT, APPELLATE TERM, SECOND DEPARTMENT, 2d, 11th and 13th JUDICIAL DISTRICTS
PRESENT: : WAVNY TOUSSAINT, P.J., CHEREÉ A. BUGGS, MARINA CORA MUNDY, JJ

2022-976 RI CR

The People of the State of New York, Respondent,
against
Erik Martell-Olvero, Appellant. 

Appellate Advocates (Maisha Kamal and Sam Feldman of counsel), for appellant.
Richmond County District Attorney (Thomas B. Litsky and James Gandia of counsel), for respondent.

Appeal by defendant, as limited by the brief, from a sentence of the Criminal Court of the City of New York, Richmond County (Raja Rajeswari, J.), imposed September 30, 2022, upon defendant's conviction of driving while intoxicated (common law), upon a plea of guilty.

ORDERED that the sentence is modified, on the law, by deleting Condition No. 28 from the conditions of probation; as so modified, the sentence is affirmed.
Defendant was charged in an accusatory instrument with, among other things, driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2]); aggravated driving while intoxicated (per se) (Vehicle and Traffic Law § 1192 [2-a] [a]); and driving while intoxicated (common law) (Vehicle and Traffic Law § 1192 [3]). Defendant pleaded guilty to driving while intoxicated (common law), an unclassified misdemeanor, in satisfaction of the entire accusatory instrument. The Criminal Court (Raja Rajeswari, J.) sentenced defendant to the agreed-upon definite term of incarceration of five days to be a condition of and to run concurrently with a three-year term of probation (see Penal Law § 60.01 [2] [d]). The Criminal Court included, as Condition No. 28 of defendant's probation, that defendant consent to a search by a probation [*2]officer, or a probation officer and his or her agent, of his person, vehicle, and place of abode, and the seizure of any illegal drugs, drug paraphernalia, gun/firearm or other weapon, or contraband found during the search. On appeal, defendant argues that Condition No. 28 was improperly imposed, and that the three-year term of probation was excessive and should be reduced as a matter of discretion in the interest of justice.
A court has broad discretion to impose conditions of probation deemed reasonably related to a defendant's rehabilitation, reasonably necessary to ensure that he will lead a law-abiding life, reasonably necessary to ameliorate the conduct which gave rise to the offense, and reasonably necessary to prevent his future incarceration (see Penal Law § 65.10 [1], [2] [l], [5]; People v Wahl, 302 AD2d 976 [2003]; People v Ranzie, — Misc 3d &mdash, 2025 NY Slip Op 50162[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2025]; People v Fields, 84 Misc 3d 19 [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Here, defendant was not armed with a weapon at the time he committed the offense, and while defendant told the probation department that he was under the influence of alcohol at the time of the offense, he was not assessed as being in need of alcohol or substance abuse treatment. Under the circumstances, Condition No. 28 was improperly imposed because it was not individually tailored in relation to the offense, and was not, therefore, reasonably related to defendant's rehabilitation or necessary to ensure that defendant will lead a law abiding life (see People v Mensah, 221 AD3d 732 [2023]; People v Dranchuk, 203 AD3d 741 [2022]; People v Acuna, 195 AD3d 854 [2021], cf. People v Mendoza, 231 AD3d 1170 [2024]).
As a general rule, a defendant who has been sentenced according to the terms of a bargained-for plea and sentencing agreement will not be heard to complain that the sentence was unduly harsh or excessive (see People v Galvez, 72 AD3d 838 [2010]; Ranzie, 2025 NY Slip Op 50162[U]; Fields, 84 Misc 3d 19; People v Harvey, 83 Misc 3d 132[A], 2024 NY Slip Op 51167[U] [App Term, 2d Dept, 2d, 11th & 13th Jud Dists 2024]). Under the circumstances presented, we find no basis to deviate from that rule. The sentence imposed did not constitute an abuse of sentencing discretion or a failure to observe sentencing principles, and defendant has not demonstrated the existence of mitigating or extraordinary circumstances warranting a modification of the sentence as a matter of discretion in the interest of justice (see People v Vega, 73 AD3d 1218 [2010]; People v Suitte, 90 AD2d 80 [1982]; Ranzie, 2025 NY Slip Op 50162[U]; Fields, 84 Misc 3d 19; Harvey, 2024 NY Slip Op 51167[U]).
Accordingly, the sentence is modified by deleting Condition No. 28 from the conditions of probation.
TOUSSAINT, P.J., BUGGS and MUNDY, JJ., concur.

ENTER:
Paul Kenny
Chief Clerk
Decision Date: March 7, 2025